Wanamaker, J.
The questions involved in this case pivot on Section 11577, General Code, which reads as follows:
“The same court shall not grant more than one new trial on the weight of the evidence against the same party in the same case, nor shall the same court grant more than one judgment of reversal on the weight of the evidence against the same party in the same case.”
The first contention made by plaintiff in error is that this statute is repealed by force of the new constitution, especially judicial Article IV, Section 6.
To be in clear conflict with any provision of the constitution that clear conflict must be between the statute and some specific provision of the constitution. It is not enough that there be a conflict between said statute and the general spirit of the constitution. Clearly the only language of the judicial article that in anywise affects or relates to matter akin to the statute in question, is the following from Section 6, Article IV:
“The courts of appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify, or reverse the judgments of the courts of common pleas, superior courts and other courts of record within the district as may be pro *56 vided by law, and judgments of the courts of appeals shall be final in all cases, except * * * No judgment of a court of common pleas, a superior court or other court of record shall be reversed except by the concurrence of all the judges of the court of appeals on the weight of the evidence, and by a majority of such court of appeals upon other questions.”
We can be much aided in determining this question if we will clearly keep in mind the distinction between .jurisdiction and practice or procedure.
“Jurisdiction has been defined as: The power to hear and determine a cause; * * * the authority by which judicial officers take cognizance of and decide them; * * * the power of a court or a judge to entertain an action, petition, or other proceeding; * * * a power constitutionally conferred upon a judge or magistrate to take cognizance of and determine causes according to law, and to carry his sentence into execution.” 11 Cyc., 659 et seq.
While practice or procedure is: “The mode of proceeding by which a legal right is enforced; that which regulates the formal steps in an action or other judicial proceeding; the course of procedure in courts; the form, manner, and order in which proceedings have been and are accustomed to be had; the form, manner, and order of conducting and carrying on suits or prosecutions in the courts through their various stages, according to the principles of law, and the rules laid down by the respective courts.” 31 Cyc., 1153.
*57 From the above it is obvious that jurisdiction relates to the forum, the court or judge that may hear and determine a legal cause or controversy, while practice or procedure relates to the form or manner of conducting the suit.
This court has held in the case of The Cincinnati Polyclinic v. Balch, 92 Ohio St., 415, that the jurisdiction of the court of appeals is conferred by the constitution, but it has not held that the practice or procedure under such jurisdiction is conferred and prescribed by the constitution, except in certain specific cases where the constitution has expressly and specifically so provided. Under the old constitution the jurisdiction of the appellate court rested in the discretion of the general assembly; also the practice and procedure under such jurisdiction rested in the discretion of the general assembly. The new constitution changed the former by removing it generally from the general assembly to the constitution. It did not, however, change the latter, to-wit, the practice and procedure, except in certain specific cases.
For more than seven years Section 11577, General Code, had been a part of the practice and procedure of our Ohio courts, and there is nothing whatsoever in the new constitution that undertakes to withdraw generally from the general assembly the power and right to legislate upon matters that are peculiarly and exclusively questions of practice and procedure.
Indeed, to do so would require almost a volume of the constitution to take the place of the statutes that deal wholly with matters of this nature.
*58 There are exceptions to this general rule, one of which appears in the language of the constitution last quoted, which was evidently intended to modify the rule of practice occurring in old Section 1515, General Code, which read:
“A majority of the judges of the circuit court, competent to sit, shall be necessary to form a quorum, or to make or render any order, judgment, or decree,” etc.
The last sentence of the judicial article above quoted is clearly in conflict with said Section 1515, General Code, and repeals that section so far as it relates to a judgment or decree on the weight of the evidence. But Section 11577, General Code, the statute in question, does not undertake to fix the number of judges for a quorum to enter any judgment by any court. Its sole and éxclusive purpose is to limit the number of reversals on the weight of the evidence by the same reviewing court.
But it is urged that the language “to review, affirm, modify, or reverse the judgments of the courts of common pleas, superior courts and other courts of record,” etc., is ad infinitum, without limit or restriction, and that, therefore, the legislature is powerless to limit the number of reviews, reversals and modifications.
Now, it would hardly be claimed that Section 11576, General Code, providing the grounds upon which a new trial may be granted, relates to a matter of jurisdiction. Upon the contrary, it clearly relates to a matter of practice and procedure, and one of the grounds therein specified for the granting of a new trial is “that the verdict, report, or *59 decision is not sustained by sufficient evidence, or is contrary to law,” which in effect is a verdict against the weight of the evidence, as it is sometimes paraphrased.
Now, the general schedule of the constitution, adopted by the people at the same time as the various amendments, contains this language:
“The several amendments passed and submitted by this convention when adopted at the election shall take effect on the first day of January, 1913, except as otherwise specifically provided by the schedule attached to any of said amendments. All laws then in force, not inconsistent therewith shall continue in force until amended or repealed.”
This schedule bears a striking resemblance to the schedule attached to our former constitution, adopted in 1851.
At an early date that provision was before the supreme court of Ohio for interpretation on the question as to whether or not certain statutes were or were not repealed by the new constitution.
In Ohio, ex rel. Evans, v. Dudley, 1 Ohio St., 437, Judge Ranney, speaking for the court, used this language:
“In short, their position is, that the law erecting the county is inconsistent with the present constitution, and was repealed by it when it took effect. If such inconsistency is found to exist, after a fair and honest effort to reconcile them, it cannot be doubtful which must give way, and the conclusion contended for by the relator would inevitably follow.
*60 “The rule by which we should be guided in pursuing this inquiry is well settled. As repeals by implication are not favored, the repugnancy between the provisions of two statutes must be clear, and so contrary to each other that they cannot be reconciled, in order to make the latter operate a repeal of the former. This rule is the result of a long course of decisions, and we know of no reason why it does not equally apply, when the repugnancy is alleged to exist, between a constitutional provision and a legislative enactment. With this principle in view, we proceed to the inquiry, Does such necessary and obvious repugnancy exist between the law creating this county and the constitution ?”
Judge Thurman, in language most clear and logic most conclusive, and unmatched as a jurist in both, approves and confirms this test of Judge Ranney’s, in the celebrated case of Cass v. Dillon, 2 Ohio St., 607. A paragraph of the syllabus, most applicable here, reads:
“The repugnancy which must cause the law to fall, must be necessary and obvious; if by any fair course of reasoning, the law and the constitution can be reconciled, the law must stand.” .
Judge Thurman, in his opinion in the Cass v. Dillon case, supra, also uses this language:
“The constitution does expressly save all lazvs not inconsistent zvith it.”
That was true under the constitution of 1851 and is likewise true under the constitution of 1912.
We now come to the question as to whether or not the statute is “inconsistent” with the new con *61 stitution as determined by the foregoing tests announced by Judges Ranney and Thurman.
In what respect does the constitutional provision above cited clearly conflict with said statute ?
The constitutional provision merely declares that all three judges of the court of appeals must concur before they are warranted to reverse “on the weight of the evidence.” The statute in question says nothing about the number of judges necessary to concur.
The constitutional provision above quoted is clearly in conflict with said Section 1515, General Code, and repeals that section so far as it relates to a judgment or decree on the weight of the evidence, but Section 11577, General Code, does not undertake to fix the number of judges for a quorum to enter any judgment by any court.
The sole and exclusive purpose of Section 11577 is to limit the number of reversals on the weight of the evidence by the same reviewing court.
Clearly there is no conflict between the number of judges who must concur, as provided in the constitution, and the number of times they may so concur, as provided in the statute.
By the constitution it is said three must concur before you can reverse on the weight of the evidence. By the statute it is provided that you can thus reverse on the weight of the evidence but once. In this view of the case the constitutional provision and the statutory section are not only fairly reconcilable by a fair course of reasoning, but on the contrary there is no semblance of conflict or repugnancy between thém.
*62 But even were this course of reasoning absolutely fatal to said section of the statute as to cases generally, as to the case at bar there is an additional and unanswerable reason why the section is preserved. A special provision, not in a schedule but in the very judicial article itself, expressly saves the statute, to-wit, Article IV, Section 6:
“The courts of appeals shall continue the work of the respective circuit courts and all pending cases and proceedings in the circuit courts shall proceed to judgment and be determined by the respective courts of appeals, and the supreme court, as now provided by lazo ”
That is, as to pending cases on January 1, 1913, old Section 1515, General Code, provided that two judges should be a quorum to render any order, judgment or decree, and therefore two judges could reverse on the weight of the evidence. But as to cases not so pending the concurrence of three judges became necessary, by the constitutional provision, to reverse on the weight of the evidence.
The words “proceed to judgment” are very comprehensive and clearly include final judgment, not only “in the court of appeals,” where the case at bar was pending on January 1, 1913, but, as clearly set forth in the language of the constitution above quoted, “in the supreme court” as well. As to the number of reversals on the weight of the evidence the statute in question was in existence and- had been for more than seven years. Our various courts were quite familiar with it and applied it frequently and effectually in the interest of justice, being the spirit in which it was enacted. It was *63 then a part of our law of procedure, and the language of this last constitutional provision is most clear that it was the intention of the constitution-makers to save these kindred statutes as a part of our law.
But above and beyond the application of these rules of interpretation and "construction, it must be apparent to the student of political and judicial development that one great purpose that the constitutional convention of 1912 had in mind was judicial reform along the line of one fair trial and one thorough review and no more, to the end that justice should be speedily, economically and substantially administered.
The constitutional convention obviously was not seeking to enlarge the right of reviewing courts upon the verdicts of juries, or to increase the number of trials, appeals and reviews under the then practice of the courts, but on the contrary to limit and restrain the number of trials and the power of review by -virtue of the new constitutional provisions in that behalf..
If the doctrine contended for by plaintiff in error as to the section'in question shall prevail and that section be repealed, the people of the state of Ohio are in a worse plight as to the administration of justice through litigation than they were under the old constitution, for if this statute is now repealed, the court of appeals may reverse an indefinite number of times on the weight of the evidence, litigation may/ be prolonged interminably and the people are no/ only without any remedy now, but the general assembly of Ohio would be powerless to enact such *64 a statute, because it would conflict with the new constitution by the same process of reasoning- as is contended for in the case at bar.
We hold that the language of the judicial article in question is a limitation on, rather than an extension of, the statute, Section 11577, General Code; that the two are in entire harmony in so far as their cooperation is concerned; that the work of both will expedite and economize the work of our courts and prevent the extravagant farce of interminable, unending- litigation, which usually results in favor of the longest purse.
Again, it is urged that even if the statute be unrepealed the language thereof, to-wit, “the same court,” prevents the application of the statute in the case at bar by reason of the fact that the first reversal on the weight of the evidence was by the circuit court and the second reversal was asked of the court of appeals, and that, therefore, the statute has no application in the instant case.
Section 6, Article IWoithe Constitution of 1912, so far as applicable here to this discussion, reads as follows:
“The judges of the circuit courts now residing-in their respective districts shall be the judges of the respective courts of appeals in such districts and perform the duties thereof until the expiration of their respective terms of office. * * * The courts of appeals shall continue the work of the respective circuit courts and all pending cases and proceedings in the circuit courts shall proceed to judgment \and be determined by the respective courts of appekls, and the supreme court, as now provided by law, arid *65 cases brought into said courts of appeals after the taking effect hereof shall be subject to the provisions hereof, and the circuit courts shall be merged into, and their work continued by, the courts of appeals.”
This court, in The State, ex rel. Chittenden, v. Harmon, Governor, 87 Ohio St., 364, reviewed Section 6 of Article IV of the Constitution, touching the issue of identity of courts, and held that said section, “although substituting the court of appeals for the circuit court, recognizes and preserves the identity of those courts to the extent that one who prior to that date had been elected a judge of the circuit court for a term of six years, beginning February 9, 1913, is entitled to serve as a judge of the, court of appeals for the term to which he had been so elected.”
True, Shauck, C. J., rendering the opinion, uses the following language cited in plaintiff in error’s brief:
“It is true that the language employed to confer appellate jurisdiction on the court of appeals differs widely from that previously employed by the statute to confer such jurisdiction upon the circuit court, but whether any substantial change in that jurisdiction was intended will be for determination in cases which may present the question.”
But later in the same opinion this language appears :
“The comparison seems to justify the statement that no change whatever is effected which required a change in the constitution except in the name of *66 the court and the addition of prohibition to the subjects of its original jurisdiction.”
The language of the constitutional provision, its spirit and its very evident purpose all combine in favor of the conclusion that we have a constitutional identity of courts in the merger of the circuit court into the court of appeals, the latter appearing as the successor of the former, the only difference being a mere change of name, each being the court of review upon the judgment of the court of common pleas. To hold otherwise would be like distinguishing tweedledee from tweedledum.
In this view of the case, the judgment of the court of appeals should be and therefore is affirmed.

Judgment affirmed.

Nichols, C. J., Johnson, Donahue and Matthias, JJ., concur. •